IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL MURPHY | : |
| | : |
| Plaintiff, | : |
| | : C.A. No.: |
| v. | : |
| | : TRIAL BY JURY DEMANDED |
| ST. JUDE MEDICAL, LLC, formerly | : |
| known as St. Jude Medical, Inc., and, | : |
| ABBOTT LABORATORIES, INC., | : |
| | : |
| Defendants. | : |

## MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

Plaintiff, Michael Murphy, by and through the undersigned counsel, respectfully requests, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 5.1.3, that this Honorable Court grant him leave to file his initial Complaint under seal. In support of this Motion Plaintiff states as follows:

1. It has been recognized that this Court has the authority to order documents filed in the Court, including an initial pleading, held under seal. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 775 (3d. Cir. 1994). The party seeking this protection must demonstrate that "good cause" exists for such an order of protection to be entered. Id. at 786. "Good cause" is established on a showing that disclosure "…will work a clearly defined and serious injury to the party seeking closure" and "…must be shown with specificity". Id.

2. This authority is further reflected by the provisions of Federal Rule of Civil Procedure 26(c) which govern the issuance of protective orders. Among those matters falling under the protection of the rule are trade secrets or "other confidential research, development, or

commercial information" not to be revealed or revealed only in a specified way. F.R.C.P. 26(c)(1)(G).

3. The allegations contained in Plaintiff's Complaint relate to the alleged harm Plaintiff suffered from a spinal cord neurostimulator device designed, manufactured, marketed, distributed, and/or sold by the Defendants. These allegations are similar to those addressed by the plaintiffs in two other cases currently pending before this Court—*Kathleen M. Freed, et al v. St. Jude Medical, Inc., et al*, C.A. No. 17-cv-01128-CJB (D. Del.) and *Mellott v. St. Jude Medical, Inc., et al*, C.A. No. 19-cv-1779-CJB (D. Del.). In both cases Defendants produced certain documents and information that is confidential, proprietary, and commercially sensitive and therefore subject to a Protective Order ("the Confidential Information"). Ex. A. The Complaint in the instant case contains some of the same Confidential Information, alleged verbatim in some instances. Accordingly, Plaintiff respectfully requests through this motion, and pursuant to the Court's procedures for the filing of sealed documents, that like the complaints filed in *Freed* and *Mellott*, he be granted leave to file his initial Complaint under seal to be followed by the filing of an appropriate redacted version pursuant to Section G of the Administrative Procedures Governing Filing and Services by Electronic Means.

4. The portions of the Complaint Plaintiff seeks to seal consist entirely of information that Defendants reasonably believe is Confidential Information that was derived from highly sensitive and confidential documents that Defendants produced pursuant to a Protective Order in the *Freed* and *Mellott* cases. Plaintiff came into possession of the Confidential Information solely though his counsel's representation of plaintiffs in those other actions. Indeed, the Confidential Information Plaintiff seeks to seal in the Complaint here was also alleged in the complaints filed in those other actions, and ***the Confidential Information in those complaints were sealed***

***pursuant to Court orders.*** See Ex. B; *Mellott* Sealing Order Ex. C.

5. Specifically, the Confidential Information referenced and cited in the Complaint relate to information contained within Defendants' confidential regulatory submissions to the FDA for the premarket approval of three products: the Genesis, Eon and Eon Mini. This includes Defendants' confidential representations to the FDA regarding design changes, testing, risk assessments, and labeling changes; draft warnings and precautions from the clinician's manual and draft user guide; and internal patient complaint information, recall information, and a hazard/risk analysis, risk management file, and risk management report. All of this information is commercially sensitive and trade secret information that would be of interest to Defendants' competitors. Moreover, it is maintained in confidence by Defendants and the FDA. See 21 C.F.R. §20.61.

6. The Federal Rules of Civil Procedure contemplate that a party's "trade secret or other confidential research, development, or commercial information" will be protected by a protective order. See Fed. R. Civ. P 26(c)(1)(G). Longstanding practice in this District has been to permit parties to file confidential information under seal, even pending entry of a protective order pursuant to Local Rule 26.2. See, e.g., *Pansy*, 23 F.3d at 786-88 ("if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

7. When documents are filed with the courts, the public's right to access the filed documents is not an absolute right. See *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-598 (1978). "[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *In Re Peregrine Sys., Inc.*, 311 B.R. 679, 690 n. 9 (D. Del. 2004). "Courts generally protect materials containing 'trade

3

secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am., Corp.*, No CIV 05-3165 RBK, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) (citations omitted).

8.  In order to protect sensitive business information, "when a party files a motion to seal…the moving party must demonstrate 'good cause' for the protection of the material." Id. In determining whether good cause exists, courts in the Third Circuit consider several factors:

   1) Whether disclosure will violate any privacy interests;

   2) Whether the information is being sought for a legitimate purpose or for an improper purpose;

   3) Whether disclosure of the information will cause a party embarrassment;

   4) Whether confidentiality is being sought over information important to public health and safety;

   5) Whether the sharing of information among litigants will promote fairness and efficiency;

   6) Whether a party benefitting from the order of confidentiality is a public entity or official; and

   7) Whether the case involves issues important to the public.

*Pansy*, 23 F.3d at 787-91. Following *Pansy*, several district courts in the Third Circuit have granted sealing orders for similar confidential and sensitive information. See, e.g. *Mosaid Techs., Inc. v. LSI Corp.*, 878 F.Supp.2d 503, 509-11 (D. Del. 2012). This Court has allowed parties to submit proposed redactions for confidential information related to FDA submissions and other regulatory materials referenced within court orders. See, e.g. *Astellas Pharma, Inc. v. Actavis Elizabeth LLC*, 2018 WL 5292546, *3 (D. Del. Oct. 24, 2018); *Ethicon LLC v. Intuitive Surgical, Inc.*, 2018 WL 1392341, at *3 (D. Del. Feb. 12, 2018)l *GlaxcoSmithKline LLC v. Glenmark Pharm., Inc.*, 2017 WL 8948973, *19 (D. Del. May 23, 2017); *Integra Lifesciences Corp. v.*

*Hyperbranch Med. Tech., Inc.*, 2016 WL 4770244 (D. Del. Aug. 12, 2016).

9. Here, the Confidential Information Plaintiff seeks to seal concerns specific representations in draft form, made to the FDA regarding its products prior to their introduction to the market. This information is confidential and commercially sensitive, is not available to the general public, and should be sealed because the information could be used by Defendants' competitors to disparage Defendants' introduction of its products into the marketplace were disclosed. See *Bracco Diagnostics*, 2007 WL 2085350, at *6 (finding information "from which a litigant's market competitiveness may be harmed is often sealed from public access"). Moreover, this case involves private litigants and does not involve matters of public concern or public figures.

10. Significantly, Plaintiff seeks to seal only a relatively small portion of the lines of text within the Complaint. See, e.g., *CDK Global, LLC v. Tulley Auto. Grp., Inc.*, 2017 WL 870400, at *5 (D.N.J. Mar. 3, 2017) (granting a party's request to file a redacted version of the documents at issue because that was the "least restrictive means available" for protecting a party's confidential information). Therefore, good cause under *Pansy* and its progeny exists to seal the Confidential Information in the Complaint.

11. For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave for him to file his initial Complaint under seal to be followed by the filing of a redacted version agreed to by the parties upon entry of counsel for the Defendants.

**TYBOUT REDFEARN & PELL**

David G. Culley (#2141)
750 Shipyard Drive, Suite 400
Wilmington, DE 19801
dculley@trplaw.com
(302) 658-6901
*Attorney for Plaintiff*
